UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STERLING NATIONAL BANK,

        Plaintiff,                        Case No. 20-10586

v.                                         Honorable Thomas L. Ludington

SHERRY BLISS and LEGENDS
UNDERGROUND UTILITIES, INC.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
ASSESSING DAMAGES**

On March 5, 2020, Plaintiff filed a complaint against Defendants alleging breach of contract, breach of guaranty, and claim and delivery. ECF No. 1. Defendants were served on March 22, 2020. ECF Nos. 5, 6. On April 23, 2020, the clerk's office entered entries of default against Defendants Sherry Bliss and Legends Underground Utilities. ECF Nos. 12, 13. Plaintiff's request for entry of default judgment was denied because it included a request for attorney fees. ECF Nos. 14, 16, 17. On June 9, 2020, Plaintiff filed a motion for default judgment against all Defendants. ECF No. 18. A certificate of service to Defendants was entered on the docket the same day. ECF No. 19.

**I.**

**A.**

Plaintiff moves the court to enter a default judgment against the defaulted Defendants pursuant to Fed. R. Civ. P. Rule 55(a)(2). Before a default judgment may be entered, a party first must obtain a default. Fed. R. Civ. P. 55(a). "Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction."

*Ford Motor Company v. Cross*, 441 F. Supp. 2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiff properly obtained a default against Defendants. ECF Nos. 12, 13.

Federal Rule of Civil Procedure 55(b)(2) provides that upon application of the party, the court may enter a default judgment. A plaintiff seeking a default judgment from the court is "not entitled to a default judgment as of right" and a judge is "required to exercise sound judicial discretion" in deciding if default judgment is proper. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (4d ed.). Rule 55(b)(2) further provides that a court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence." While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008); Federal Rules of Civil Procedure, Rules and Commentary Rule 55.

**B.**

Here, Plaintiff alleges that Defendant Bliss entered into a loan and security agreement in August 2018 with De Lage Landen Financial Services, Inc. ECF No. 1 at PageID.2. The contract required Bliss to make thirty-six monthly payments of $6,197.97. *Id.* Defendant Legends Underground personally guaranteed Bliss's contractual obligations. *Id.* at PageID.3. On August

28, 2018, the lender perfected its first-priority security interest in equipment, a Vermeer directional drill, a Vermeer mixing system, and a locating system. *Id.* The lender "assigned all of its right, title, and interest in and to the Agreement, Guaranty, and the Equipment" to Plaintiff Sterling National Bank on October 30, 2018. *Id.* Sterling filed a Uniform Commercial Code filing statement regarding the assignment on February 4, 2020. *Id.*

Beginning on August 1, 2019, Bliss failed to render payment. *Id.* No further payment was received. *Id.* Pursuant to the agreement, Sterling alleges in its complaint that it "is entitled to all past due payments and future due payments . . . in the amount of $161,147.22." *Id.* at PageID.4. Sterling also alleges it is owed $929.70 in late charges, prejudgment interest of 2% per month from the date of default until entry of judgment, as well as attorneys' fees and costs. *Id.*

In Plaintiff's concurrent motion for entry of default judgment, it seeks entries of default judgment on all three claims. ECF No. 18 at PageID.138. It also seeks damages of $162,076.92. Debra Lopez's[1] affidavit, ECF No. 18-6, outlines the principal balance due: $161,147.22 plus $929.70 for late fees for a total of: $162,076.92. Debra Lopez's affidavit also explains the math outlining a 2% monthly rate of unpaid interest, which is $105.96 per diem. Therefore, from August 1, 2019 (the date of default) through April 23, 2020, Plaintiff is owed $28,185.26 in unpaid interest. It is also owed $105.96 in unpaid interest from April 24, 2020 through the date of this order. The total owed to Plaintiff including the principal, late fees, and unpaid interest is: $190,262.18 plus the $105.96 daily interest from April 24, 2020 through the date of this order. Default judgment against Defendants Bliss and Legends Underground will be granted in the amount of $190,262.18 plus the $105.96 daily interest from April 24, 2020 through the date of this order.

---

[1] Debra Lopez is a Legal Account Collector – Credit Services Collections, with Sterling National Bank. ECF No. 18-6 at PageID.185.

## C.

Plaintiff also seeks $3,187.35 due to Debra Devassy Babu's attorney fees and costs and $2,380.00 for Lisa Hall's attorney fees and costs. The Sixth Circuit has explained

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases." *Isabel v. City of Memphis*, 404 F.3d 404, 415–16 (6th Cir. 2005) (citation omitted); *see also Hensley v. Eckherhart*, 461 U.S. 424, 433–37 (1983); *Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999).

Debra Devassy Babu avers that she is a shareholder at Askounis and Darcy, PC and licensed to practice law in Illinois. She has been practicing law in the area of finance litigation and secured transactions since 2004. Her time sheet includes references for herself and Mr. Dylan Miller, an associate who began practicing in the area of finance litigation and secured transactions in 2019. ECF No. 18-7. Attorneys at Askounis and Darcy worked for 11.7 hours on this case. Ms. Babu avers her hourly rate is $295.00 and Mr. Miller's rate is $260.00. ECF No. 18-7. Ms. Babu also averred her firm incurred $5.35 in costs. ECF No. 18-7 at PageID.204. In the 11.7 hours for which Askounis and Darcy seeks reimbursement, Ms. Babu and Mr. Miller spoke with Ms. Debbie Lopez at Sterling Bank, prepared and revised the complaint, reviewed relevant documents and exhibits, obtained local counsel, reviewed and filed a corporate disclosure statement, prepared and filed a notice of default against Defendants, executed a Servicemembers Civil Relief Act search,

and prepared the instant motion. *Id.* at PageID.206-207. The firm also incurred $5.35 in printing, scanning, and postage charges. *Id.* at PageID.209.

Attorney Lisa Hall is employed by Plunkett Cooney and licensed to practice in the state of Michigan since 2006. ECF No. 18-8. She spent six hours working as local counsel for Sterling National Bank at an hourly rate of $295.00 and incurred $610.00 in costs. *Id.* Costs include the $400 filing fee and $210 to We Serve Law LLC for service of summons and the complaint. *Id.* at PageID.215-216. Ms. Hall's six hours were spent reviewing and reformatting documents, ensuring service of process occurred, reviewing proposed defaults, analyzing the clerk's rejections of their request for default, corresponding with her client regarding extensions, reviewing the notice of default, and reviewing and analyzing the instant motion and brief. *Id.* at PageID.214-221.

In the instant case, the combined three attorneys spent 17.7 hours on the case – from filing the complaint and seeking local counsel to filing the instant motion for default judgment. This was a routine case for default judgment where Defendants never filed an appearance, the attorneys likely were not precluded from other employment when accepting this case, there is no evidence the case was taken on a contingency basis, there is no evidence of time or other limitations imposed by Plaintiff upon its counsel, and two attorneys have more than ten years' experience. Counsel did not provide evidence of other cases where they were awarded their requested hourly rate or refer to any publications regarding attorney fees. While two attorneys are based in Chicago, this Court will examine the 2017 Michigan Bar Association's Economics of Law Practice publication for financial and secured transactions work. The publication states for creditor collections work, the mean hourly rate is $220 and 75th percentile is $275. For an attorney with one to two years of practice, the mean hourly rate is $209 and the 75th percentile is $250. For attorneys with 11 to 15 years' experience, the mean hourly rate is $275 and the 75th percentile is $300. In Oakland County

- 6 -

(where Plunkett Cooney is located), the mean hourly rate is $275 and the 75th percentile is $325. For out of state practice, the mean hourly rate is $334 and the 75th percentile is $397. Based upon the attorneys stated experience in this area of law, their location in Oakland County, Michigan and Chicago, Illinois, and their ability to minimize the number of hours involved in the case, the hourly rate and the number of hours exerted by counsel is reasonable.

**II.**

Accordingly, **IT IS ORDERED** that Plaintiff's motion for default judgment, ECF No. 18, is **GRANTED**.

It is further **ORDERED** that default judgment against Defendants will be entered in the amount of $190,262.18 plus $105.96 in daily prejudgment interest from April 24, 2020 through the date of this order.

It is further **ORDERED** that Defendants owe Plaintiff $ 5,567.35 is attorney fees and costs.

Dated: September 10, 2020                                      s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge